UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DAROLD WORRALL,<br><br>           Plaintiff,<br><br>           v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of the Social<br>Security Administration,<br><br>           Defendant. | Case No. EDCV 12-01723 AJW<br><br>MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of the defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security ("SSI") income benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to the single disputed issue.

**Administrative Proceedings**

Plaintiff, who is now 48 years old, filed an application for SSI benefits on August 15, 2008, alleging that he had been disabled since January 1, 2006. [JS 2; Administrative Record ("AR") 19, 185-188]. Plaintiff's applications were denied initially and upon reconsideration. [JS 2; AR 53-57, 65-70]. Plaintiff requested an administrative hearing, which was conducted before Administrative Law Judge Sharilyn Hopson (the "ALJ") on March 29, 2011. [AR 28-46]. Plaintiff, who was represented by an attorney, appeared telephonically and testified on his own behalf. [AR 30-42]. Testimony also was received from

1  Troy Scott, a vocational expert. [AR 42-45].

2  On April 1, 2011, the ALJ issued a written decision denying plaintiff's application for SSI benefits. [AR 17-24]. The ALJ found that plaintiff had the following severe impairments: asthma, mood disorder, intermittent explosive disorder, antisocial personality disorder, and methamphetamine dependence. [AR 19]. The ALJ determined, however, that plaintiff's impairments, singly or in combination, did not meet or equal an impairment included in the Listing of Impairments (the "Listing"). [AR 19-20]. See 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ further found that plaintiff retained the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: no exposure to extreme hot, extreme cold, dust, fumes, and other pollutants; simple repetitive tasks; no work around children; no public contact; and only non-intense contact with coworkers and supervisors." [AR 20-22]. The ALJ found that plaintiff's RFC precluded him performing his past relevant work as a plumber, warehouse worker, and forklift driver. [AR 22]. Based on the testimony of the vocational expert ("VE"), however, the ALJ determined that plaintiff could perform alternative jobs that exist in significant numbers in the national economy. [AR 23]. Specifically, the ALJ found that plaintiff could perform the alternative jobs of hand packager, packaging machine operator, and electronics worker. [AR 23]. Accordingly, the ALJ concluded that plaintiff was not disabled at any time up to the date of her decision. [AR 24]. The Appeals Council denied plaintiff's request for review. [AR 1-4].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

1 Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Statement of Disputed Issue**

The only disputed issue is whether there is a conflict between the Dictionary of Occupational Titles ("DOT") and the ALJ's finding that plaintiff can perform alternate jobs of hand packer, packing machine operator, and electronics worker. [JS 3].

**Discussion**

Plaintiff contends that the ALJ erred in finding that he was not disabled because an unresolved conflict exists between the ALJ's finding that plaintiff's RFC allows him to perform alternative work as a hand packager, electronics worker, and packaging machine operator and the classification of those jobs in the DOT. [JS 3-4].

At step five of the sequential evaluation procedure, the Commissioner has the burden of establishing, through the testimony of a VE or by reference to the Medical-Vocational Guidelines, that the claimant can perform other jobs that exist in substantial numbers in the national economy. Bruton v. Massanari, 268 F.3d 824, 827 n.1 (9th Cir. 2001). "Where the testimony of a VE is used at Step Five, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy." Osenbrock v. Apfel, 240 F.3d 1157, 1162-1163 (9th Cir. 2001).

Under Ninth Circuit law and Social Security Ruling ("SSR") 00-4p[1], an ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether that testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007). A VE's "testimony may give rise to such a conflict in at least two different ways. First, the vocational expert may testify that a

---

[1] Social security rulings "are binding on all components of the Social Security Administration [SSA]" and represent

> final opinions and orders and statements of policy and interpretations of the SSA. SSRs reflect the official interpretation of the SSA and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. SSRs do not carry the force of law, but they are binding on ALJs nonetheless.

Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009) (internal quotation marks, citations, alteration, and footnote omitted).

1 particular job requires a particular exertional or skill level, when the DOT expressly provides that the job
2 requires a different exertional level." Carey v. Apfel, 230 F.3d 131, 144 n.2 (5th Cir. 2000). "A second, and
3 different type of conflict may arise when the [VE's] testimony places the ALJ's finding with respect to the
4 claimant's residual functional capacity or the claimant's specific impairments in conflict with the exertional
5 or skill level or the specific skills required for the identified jobs in the DOT." Carey, 230 F.3d at 144 n.2.

6       Neither the DOT nor the vocational expert's testimony "automatically trumps when there is a
7 conflict." Massachi, 486 F.3d at 1153 (footnote omitted). If an apparent conflict exists, the ALJ must obtain
8 an explanation for any apparent conflict, determine whether the vocational expert's explanation is
9 reasonable, decide whether a basis exists for relying on the expert rather than on the DOT, and explain how
10 he or she resolved the conflict. Massachi, 486 F.3d at 1152-1153; see SSR 00-4p, 2000 WL 1898704, at
11 *2-*4. This procedural requirement "ensure[s] that the record is clear as to why an ALJ relied on a
12 vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the [DOT]."
13 Massachi, 486 F.3d at 1153.

14       Plaintiff correctly contends that a conflict exists between the VE's testimony that he could perform
15 alternative work as a hand packager and electronics worker and the information about those jobs in the
16 DOT. The ALJ's hypothetical questions to the VE and her RFC finding specifically precluded plaintiff from
17 *any* exposure to extreme heat, cold, dust, fumes, and other pollutants. [AR 20, 44-45]. According to the
18 DOT, however, a hand packager must frequently (from 1/3 to 2/3 of the time) deal with exposure to both
19 extreme heat and atmospheric conditions, such as fumes, dusts, and noxious odors that affect the respiratory
20 system. DOT job number 920.587.018; DOT, Appendix D, Environmental Conditions. Similarly, an
21 electronics worker is occasionally (up to 1/3 of the time) exposed to toxic or caustic chemicals, despite not
22 being exposed to atmospheric conditions or other environmental restrictions. DOT job number 726.687-
23 010.

24       Notwithstanding the VE's statement that his testimony is consistent with the DOT [AR 43], there
25 is an apparent conflict between his testimony and the classification of the jobs of hand packager and
26 electronics worker in the DOT. See Overman v. Astrue, 546 F.3d 456, 463 (7th Cir. 2008) (per curiam)
27 (noting the clear conflict between a VE's testimony that the claimant could perform work as a hand
28 packager and the ALJ's finding that he must avoid any exposure to extreme heat or cold). Neither the VE

1 nor the ALJ identified this apparent conflict or articulated reasons for deviating from the DOT, as required.
2 See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (holding "that in order for an ALJ to rely on a
3 job description in the [DOT] that fails to comport with a claimant's noted limitations, the ALJ must
4 definitively explain this deviation," and reversing and remanding where neither the ALJ nor the vocational
5 expert provided the required explanation).

6 Plaintiff contends that the DOT job of packaging machine operator (also known as machine
7 packager) also is inconsistent with the ALJ's RFC finding because the DOT states that a packing machine
8 operator may be required to operate silk screening machines, which may expose him to fumes or toxins.
9 [JS 5]. Plaintiff has not demonstrated that a genuine conflict exists between the VE's testimony regarding
10 plaintiff's ability to work as a packaging machine operator and the DOT classification of that job.

11 The DOT guidelines for packaging machine operator specifically state that extreme cold, extreme
12 heat, atmospheric conditions, and other environmental conditions are "*not present*." DOT job number
13 920.685-078. There is a rebuttable presumption that the information in the DOT and its supplementary
14 Selected Characteristics is controlling. Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986); accord, Johnson
15 v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). Plaintiff's argument regarding the chemicals involved in
16 the silk screening process is insufficient to rebut the presumption that atmospheric conditions and other
17 environmental conditions are not present in the DOT job of packing machine operator.

18 Plaintiff relies on information from the website of the "Printers' National Environmental Assistance
19 Center" (PNEAC) for the proposition that "[s]ilk screening, or screen printing, often requires the use of inks,
20 solvents, surfactants, caustics, and oxidiziers," and that some of the solvents used can result in emissions
21 of volatile organic compounds (VOCs). [JS 5 (citing www.pneac.org/printprocesses/screen/)]. Citing the
22 website of the United States Environmental Protection Agency (EPA), plaintiff further contends that
23 exposure to VOCs, particularly indoor exposure, can have adverse health effects. [JS 5 (citing
24 www.epa.gov/iaq/voc2.html)].

25 The reliability of the information on the PNEAC website is unproven, and therefore the job
26 information on which plaintiff relies does not rebut the presumption that the information in the DOT
27 controls. Moreover, plaintiff has not adduced evidence of the percentage of machine packager jobs that
28 involve silk screening nor of the type or level of exposure to VOCs such jobs entail. The EPA website

5

indicates that there are numerous factors to consider before any conclusion can be drawn about the health effects of exposure of VOCs, which comprise a "large class" of organic compounds "whose compositions give them the potential to evaporate under normal atmospheric conditions." The potential health effects of VOCs depend on a number of factors, including the identity of the VOCs in question, their relative volatility, and the concentrations of VOCs in the air. The EPA website also cautions that "any statement about VOCs that are present in a given environment needs to be accompanied by a description of how the VOCs were measured so that the results can be interpreted correctly by a professional. In the absence of such a description, the statement would have limited practical meaning." See EPA website, Volatile Organic Compounds, *available at* www.epa.gov/iaq/voc2.html (last visited Dec. 9, 2013). Nothing in plaintiff's argument rebuts the presumption that the DOT information for the job of packing machine operator controls.

The DOT itself indicates that silk screening machines are only one of many different machines that a packaging machine operator may tend, depending on the specific industry and function involved. Among the machines mentioned in the DOT occupational classification are capping machine, bread-wrapping machine, candy-wrapping machine, cellophane-wrapping machine, bottle-washing machine, filling machine, blister-packing machine, labeling machine, stencil-cutting machine, sack-sewing machine, tube-filling machine, tying machine, tea-bag machine, tire-wrapping machine, carton-gluing machine, and furniture spring crating machine. See DOT job number 920.685-078. Plaintiff does not contend that operating any of these other machines would expose him to harmful atmospheric or environmental conditions. Accordingly, plaintiff has not overcome the presumption created by the DOT that atmospheric conditions or other environmental conditions are "not present" in the job of packaging machine operator.

The VE testified that there are approximately 10,000 packaging machine operator positions available regionally and 165,000 positions available nationally. [AR 45]. Nothing in plaintiff's brief or in the record before the Court warrants a finding that the occupational base for packaging machine operators must be eroded due to the use of silk screen machines. The VE's testimony establishes the existence of a significant number of alternative jobs and satisfies the Commissioner's burden of proving that plaintiff can perform alternative work that exists in substantial numbers in the national economy. Compare Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (holding that between 1000 and 1500 jobs in the local area was a significant

1  number of jobs) (citing <u>Barker v. Secretary of Health & Human Servs.</u>, 882 F.2d 1474, 1479 (9th Cir.
2  1989)), <u>with</u> <u>Beltran v. Astrue</u>, 700 F.3d 386, 389-390 (9th Cir. 2012) (holding that 135 jobs regionally and
3  1,680 jobs nationally was not a significant number of jobs, and collecting cases).

4  Any error in the ALJ's finding that plaintiff can perform the alternative jobs of a hand packager or electronics worker is harmless because the ALJ did not err in finding that plaintiff can perform the alternative job of packaging machine operator, and that finding is sufficient to support the ALJ's conclusion that plaintiff was not disabled. <u>See</u> <u>McLeod v. Astrue</u>, 640 F.3d 881, 886-888 (9th Cir. 2011) (holding that the harmless error rule ordinarily applied in civil cases applies in social security disability cases, and that the burden is on the party attacking the agency's decision to show that prejudice resulted from the error) (citing <u>Shinseki v. Sanders</u>, 556 U.S. 396, 406-409 (2009)).

**Conclusion**

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and is free of reversible legal error. Accordingly, the Commissioner's decision is **affirmed**.

**IT IS SO ORDERED.**

December 9, 2013

_____
ANDREW J. WISTRICH
United States Magistrate Judge